RICHARD SEARLES, RESPONDENT, v. PUBLIC SERVICE
RAILWAY COMPANY, APPELLANT.

Submitted June 5, 1924—Decided October 7, 1924.

1. The question whether a man is sober or intoxicated is matter of common observation not requiring any special knowledge or skill, and may properly be asked of witnesses who have occasion to see him, and whose means of judging correctly must be submitted to the jury without the need of qualifying such witnesses as experts on the subject.

2. An instruction to the jury that if they should find that the motorman of the car saw the automobile in which plaintiff was riding on or near the track, and could have arrested the movement of the trolley car before striking the automobile, the motorman's failure to do so is negligence, and the defendant company responsible, *held* erroneous as against the defendant because ignoring the rule of reasonable care.

On defendant's appeal from Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the respondent, *Kappes & Hille.*

For the appellant, *Leonard J. Tynan.*

The opinion of the court was delivered by

PARKER, J. This case arose out of the collision of an automobile, in which the plaintiff was riding as a passenger, with a trolley car of the defendant, at the intersection of Central and Hoboken avenues, in Jersey City. There was a verdict and judgment for the plaintiff, and the defendant appeals.

A number of grounds of appeal are urged, but it is sufficient for present purposes to restrict our comment to two of them. The first relates to a question asked of the defendant's witness Kelly, and excluded by the court on objection. The defense was predicated in part on the proposition

that the plaintiff, although only a passenger in the automobile owned and driven by a friend, was, nevertheless, guilty of contributory negligence in embarking in that car at that time, for the reason that the friend in question was intoxicated. Kelly was the driver of the trolley car, and testified as to the circumstances of the accident, and also to circumstances indicating that the young men in the car, including the driver, had been drinking. The court, in the colloquy, expressed its view that the witness could not give opinion evidence on this subject unless he was qualified as an expert, and when defendant's counsel finally asked the following question: "Do you consider the man was under the influence of liquor?" the court sustained an objection to it. This was erroneous, as the rule is settled that the average witness of ordinary intelligence may testify whether a certain person was sober or otherwise, without making it appear that the witness was an expert in judging of intoxication. As was said in *Castner* v. *Sliker*, 33 *N. J. L.* 95 (at *p.* 97), "whether a man is sober or intoxicated is matter of common observation, not requiring any special knowledge or skill, and is habitually and properly asked of witnesses who have occasion to see him, and whose means of judging correctly must be submitted to the jury."

The other ground of appeal is the fifth, and brings up the charge by the court of the plaintiff's first request: "If you find that the motorman of defendant's trolley car saw this automobile in which plaintiff was a passenger on or near the track, and that the motorman could have arrested the movement of the trolley car before striking the automobile, the motorman's failure to do so in his negligence, and the defendant company is responsible." This is likewise erroneous, because the test is not whether the motorman could possibly have stopped the car, but whether, in the exercise of reasonable care, he ought to have stopped it, and could have stopped it. It is true that the court undertook to qualify this by adding, "that I charge, gentlemen, with the following comment, that you must say there was negligence in the operation of this trolley car, if you find for the plaintiff." But this does

not in any way nullify the definite instruction just preceding it that if he could have stopped it, and did not do so, then his failure to do so was negligence. Moreover, the instruction ignores all questions of contributory negligence on the part of the plaintiff.

With these errors the judgment under review must be reversed, to the end that a *venire de novo* be awarded.