124 N.J. Super. 1 (1973)
304 A.2d 565
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL JACKSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 9, 1973.
Decided May 8, 1973.
*2 Before Judges LEWIS, CARTON and MINTZ.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert J. Konzelman, Assistant Deputy Public Defender, of counsel and on the brief).
*3 Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney for respondent (Ms. Joyce E. Munkacsi, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant was tried to a jury and convicted for possession of a controlled dangerous substance, to wit, heroin, in violation of N.J.S.A. 24:21-20, subd. a(1). He was sentenced to the New Jersey Youth Correctional Institution at Yardville for an indeterminate term.
On appeal defendant initially contends that the trial court erred in permitting Detective Hampton to testify that he came to the conclusion that defendant was under the influence of narcotics and that a field test was positive for an opiate. No objection was raised to the field test result but objection was taken to Detective Hampton's testimony in which he concluded defendant was under the influence of an opiate.
On August 17, 1971 Detective Hampton, a member of the Narcotics Bureau of the New Brunswick Police Department, picked up an object which defendant, whom he knew by sight, dropped. It was a piece of aluminum foil with seven small pieces of aluminum wrapped inside. He opened one of the small pieces and observed a white powdered substance which he believed to be heroin. He thereupon arrested defendant. When asked about his personal observations of defendant at the police station, Detective Hampton replied:
Upon my observation of the defendant at Police Headquarters I checked the defendant's left arm and I found a puncture wound with dry blood, what appeared to be a fresh needle mark. Upon checking the defendant's eyes I found that the defendant's pupils were pinned and it did not react to light. Upon talking to the defendant I learned that the defendant's speech was slurred. Upon observing the way the defendant was walking I learned that he was walking with an unsteady gait.
He further testified that there was no smell of alcohol on his breath, and "At this time I came to the conclusion that the defendant was under the influence of a narcotic drug." *4 Detective Hampton further testified that he field-tested the evidence, which proved to be positive for an opiate.
Although Detective Hampton was not offered as an expert witness, the record reveals that he did have specific schooling and training in the field of narcotics and had participated in 75 to 100 arrests and seizures of evidence pertaining to narcotics. In any event, a lay witness if sufficiently experienced and trained may testify generally as to the observable reaction of drug users and of the technique of the use. State v. Johnson, 87 N.J. Super. 195, 198 (Law Div. 1965). Moreover, most of Hampton's statements were a layman's observation and admissible under Evidence Rule 56(1). Additionally, as a non-expert he was competent to make such a conclusion. Cf. Searles v. Public Service Ry. Co., 100 N.J.L. 222 (Sup. Ct. 1924); State v. Risden, 56 N.J. 27 (1970).
As already noted, no objection was raised to Detective Hampton's testimony respecting the field test he conducted. In any event, the State presented testimony by an expert witness from the New Jersey State Police Laboratory that the evidence was indeed heroin. Hence, defendant suffered no prejudice from Detective Hampton's testimony regarding his field test.
Secondly, defendant asserts that the evidence regarding results of laboratory tests were inadmissible since there was a major interruption in the chain of custody. We have reviewed the record and find no substance to this contention. The evidence respecting the chain of custody amply comports with the criteria set forth in State v. Brown, 99 N.J. Super. 22, 27 (App. Div.), certif. den. 51 N.J. 468 (1968).
Finally, defendant contends that the sentence was manifestly excessive. Unfortunately this young defendant has a drug problem. We have reviewed the record, including the presentence report, and take note of his prior record. We find no abuse of discretion on the part of the trial court in the imposition of the sentence.
Affirmed.