**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3334-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSEPH MESZAROS, III,

    Defendant-Appellant.

_____

          Argued October 24, 2017 — Decided November 21, 2017

          Before Judges Reisner and Hoffman.

          On appeal from Superior Court of New Jersey,
          Law Division, Somerset County, Municipal
          Appeal No. 27-15.

          James A. Abate argued the cause for appellant.

          Lauren Martinez, Assistant Prosecutor, argued
          the cause for respondent (Michael H.
          Robertson, Somerset County Prosecutor,
          attorney; Ms. Martinez, of counsel and on the
          brief).

PER CURIAM

    The Bound Brook Municipal Court convicted defendant Joseph

Meszaros, III, of driving while intoxicated (DWI), N.J.S.A. 39:4-

50, and driving while suspended, N.J.S.A. 39:3-40. The court

sentenced defendant to twelve years total loss of driving privileges,[1] three years ignition interlock, forty-eight hours of service at the Intoxicated Driver Resource Center, thirty days community service, and ordered him to pay monetary fines and penalties. Because defendant drove with a suspended license, the court imposed enhanced penalties in the form of fines and court costs, and sentenced defendant to forty-five days incarceration. Following a de novo trial, the Law Division again found defendant guilty and imposed the same sentence as the municipal court.

On appeal, defendant raises the following arguments for our consideration:

> POINT I
> THE MUNICIPAL COURT AND LAW DIVISION COMMITTED REVERSIBLE ERROR BY DENYING THE DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE RESULTING FROM A SUSPICIONLESS MOTOR VEHICLE STOP.
>
> POINT II
> THE MUNICIPAL COURT AND LAW DIVISION ERRED BY REFUSING TO HOLD A RULE 104 HEARING AS TO THE ADMISSIBILITY OF THE ALCOTEST AND FIELD SOBRIETY TESTS.
>
> POINT III
> THE MUNICIPAL COURT AND LAW DIVISION COMMITTED REVERSIBLE ERROR BECAUSE DEFENDANT'S SENTENCE EXCEEDED THE AMOUNT PERMITTED WITHOUT A JURY TRIAL.

---

[1] The court suspended defendant's license for ten years for his DWI conviction, his third, see N.J.S.A. 39:4-50(a)(3), and a consecutive two years for driving while suspended, because his driving privileges were revoked for DWI at the time of the offense. See N.J.S.A. 39:3-40(c).

POINTS IV
THE EFFECT OF THE CUMULATIVE TRIAL ERRORS IN
THE CONTEXT OF THE PROCEEDINGS BELOW DEPRIVED
DEFENDANT OF A FAIR TRIAL AND WARRANT
REVERSAL.

After reviewing the record in light of defendant's arguments, we affirm defendant's conviction and sentence.

I.

We derive the following facts from the record. While on patrol on June 22, 2014, at approximately 8:10 p.m., Bound Brook Police Officer Jessie Schwartz observed a pick-up truck towing a trailer make a K-turn-type maneuver on a dead end street near defendant's house.

Officer Schwartz testified he observed the truck's license plate and ran an inquiry that revealed the truck's registered owner had a suspended license. The registered owner's photograph appeared on Officer Schwartz's computer screen, and he determined the photograph matched defendant. The officer testified he was ten to fifteen feet away from the vehicle with an unobstructed view. Officer Schwartz also testified he was familiar with defendant and his truck, and knew defendant's license was suspended.

With this information, Officer Schwartz conducted a motor vehicle stop. The officer informed defendant he stopped him due

to his suspended license. At that point, the officer observed that defendant had bloodshot eyes and droopy eyelids, and his breath smelled of alcohol. Defendant admitted to drinking alcohol, and agreed to use the portable breath test machine, stating he was "going to be over the limit." Officer Schwartz administered several field sobriety tests, and defendant failed the one-legged balance test and refused to complete the walk-and-turn test.

Officer Schwartz then placed defendant under arrest for DWI and transported him to police headquarters. During the drive, defendant again admitted to drinking and driving, and acknowledged his license was suspended. At headquarters, the officer administered an Alcotest indicating that defendant had a .22 percent blood alcohol concentration.[2]

Before trial, defendant filed a motion to suppress. Officer Schwartz provided the testimony already summarized, during the suppression hearing. Defendant also testified on his own behalf, and provided a different account from Officer Schwartz. First, defendant testified he did not perform the maneuver Officer Schwartz testified he did. He explained such a maneuver was impossible to make due to the combined length of the truck and the trailer. Further, defendant claimed Officer Schwartz could not

_____

[2] The legal limit is .08 percent. See N.J.S.A. 39:4-50(a).

have seen his license plate because his trailer obstructed the view, and the trailer's license plate was registered to another person.

Following the witnesses' testimony, the municipal court judge inquired whether he could travel to the intersection where the stop and the arrest occurred; neither the State nor defendant objected. The judge went to the location of the stop and "viewed it from several different angles." While the judge's on-site inspection corroborated defendant's testimony regarding the layout of the street and intersection in question, and what maneuvers he could have made with his truck and trailer, the municipal court judge found

> the most telling piece of evidence . . . was a statement that the officer made after he made the stop . . . . [The officer stated he] knew the vehicle [was] suspended, and [he saw defendant] in it . . . [s]o to me, the evidence as to whether the officer saw the license plate or if the license plate was not visible is really not germane as far as this case is concerned.

The judge concluded that these statements by the officer, made immediately after the stop, confirmed Officer Schwartz's prior knowledge of defendant's license suspension, and provided the required articulable suspicion to conduct the motor vehicle stop.

Ultimately, the judge found defendant guilty of DWI, N.J.S.A. 39:4-50, under the per se method as well as the circumstantial method, and driving while suspended, N.J.S.A. 39:3-40.

On de novo appeal, the Law Division judge also found defendant guilty of DWI under both the per se method as well as the circumstantial method. The judge first found defendant's blood alcohol content "was .22, well over the .08 threshold." He further found ample circumstantial evidence to conclude, beyond a reasonable doubt, that defendant drove while intoxicated, including the odor of alcohol on his breath, his failure to perform the field sobriety tests correctly, his red and watery eyes, and his slightly slurred speech. The Law Division judge imposed the same penalties the Municipal Court imposed.

## II.

Municipal DWI convictions are first appealed to the Law Division. R. 7:13-1; R. 3:23-1; State v. Golin, 363 N.J. Super. 474, 481 (App. Div. 2003). The standard of review of such appeal is de novo, Rule 3:23-8, and the Law Division decides the case anew, deferring only to the credibility findings of the municipal court. State v. Locurto, 157 N.J. 463, 474 (1999). On appeal to this court, we review whether there is sufficient credible evidence in the record to uphold the Law Division's findings, not those of the municipal court. State v. Johnson, 42 N.J. 146, 162 (1964).

On issues of law, our review is de novo. State v. Brown, 118 N.J. 595, 604 (1990). However, like the Law Division, we defer to the credibility determinations of the municipal court. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000). We owe enhanced deference where both municipal and Law Division judges reach the same credibility determinations. Locurto, supra, 157 N.J. at 474.

"[A] violation of [the DWI statute] may be proven 'through either of two alternative evidential methods: proof of a defendant's physical condition or proof of a defendant's blood alcohol level.'" State v. Howard, 383 N.J. Super. 538, 548 (App. Div.) (quoting State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003), aff'd o.b., 180 N.J. 45 (2004)), certif. denied, 187 N.J. 80 (2006).

A.

We first consider the merits of defendant's argument that the municipal court erred in finding Officer Schwartz conducted a lawful motor vehicle stop even though the court determined defendant's narrative of events was more credible. The United States and New Jersey Constitutions permit a brief investigative stop of a vehicle based on reasonable suspicion. Navarette v. California, 572 U.S. ___, ___, 134 S. Ct. 1683, 1689-90, 188 L. Ed. 2d 680, 686 (2014); State v. Amelio, 197 N.J. 207, 211 (2008),

cert. denied, 556 U.S. 1237, 129 S. Ct. 2402, 173 L. Ed. 2d 1297 (2009). An investigatory stop "is valid if it is based on specific and articulable facts which, taken together with rational inferences from those facts, give rise to a reasonable suspicion of criminal activity." State v. Mann, 203 N.J. 328, 338 (2010) (citation omitted).

Reasonable suspicion "requires some minimal level of objective justification for making the stop." Amelio, supra, 197 N.J. at 211-12 (internal quotation marks omitted). "Although a mere 'hunch' does not create reasonable suspicion, the level of suspicion required is 'considerably less than proof of wrongdoing by a preponderance of the evidence,' and 'obviously less' than is necessary for probable cause." State v. Gamble, 218 N.J. 412, 428 (2014) (citation omitted). Furthermore:

> [r]easonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.
>
> [Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416, 110 L. Ed. 2d 301, 309 (1990).]

"When determining if the [police] officer's actions were reasonable, the court must consider the reasonable inferences that

the police officer is entitled to draw in light of his [or her] experience." Amelio, supra, 197 N.J. at 212 (quoting State v. Arthur, 149 N.J. 1, 8 (1997) (internal quotation marks omitted)).

Here, defendant provided evidence — the MVR video — that corroborated at least a portion of his narrative. However, the motion judge noted that on the MVR video, Officer Schwartz stated he had previously pulled defendant's truck over, he was familiar with defendant, and he was aware defendant's license was suspended. In fact, during the suppression hearing, defendant himself testified his vehicle had been previously pulled over, and on one of those occasions he was a passenger in the vehicle.

N.J.R.E. 803(c) permits the admission of certain extra-judicial statements of a declarant as substantive evidence, and the present sense impression exception makes admissible statements of observation as well as statements describing or explaining an event. See N.J.R.E. 803(c)(1). Here, Officer Schwartz, upon stopping defendant, stated, "I pulled you over because I know the vehicle. The owner of this vehicle has been suspended." The officer made this statement immediately after he observed defendant driving with a suspended license. Further, because he made the statement immediately following the stop, he did not have the opportunity to deliberate or fabricate the circumstances of

9

the stop. See State v. Long, 173 N.J. 138, 159 (2002); see also N.J.R.E. 803(c)(1).

The record supports the motion judge's findings that Officer Schwartz had a reasonable and articulable suspicion to pull over defendant based upon his knowledge of defendant's suspended license. See State v. Pitcher, 379 N.J. Super. 308, 315 (App. Div. 2005) ("[A] motor vehicle stop based upon a reasonable suspicion that the driver's license is suspended is permissible . . . ."), certif. denied, 186 N.J. 242 (2006). Accordingly, we affirm the Law Division's denial of defendant's motion to suppress.

## III.

Defendant next contends the municipal court denied him due process and a fair trial because the municipal judge prevented his attorney from challenging the Alcotest's admissibility by improperly consolidating the N.J.R.E. 104(a) hearing and the trial. While our review of the record does not support this assertion, we need not determine the admissibility of the Alcotest results because the municipal court and Law Division also found defendant guilty of DWI based upon the observational evidence, and we conclude the record contains "sufficient credible evidence" to uphold the findings of the Law Division. State v. Johnson, 42 N.J. 146, 162 (1964).

10

Our Supreme Court has noted in State v. Bealor, 187 N.J. 574, 577 (2006) that "evidentially competent lay observations of the fact of intoxication are always admissible." Recognizing that "sobriety and intoxication are matters of common observation and knowledge, New Jersey has permitted the use of lay opinion testimony to establish alcohol intoxication." Id. at 585 (citing Searles v. Pub. Serv. Ry. Co., 100 N.J.L. 222, 223 (Sup. Ct. 1924)). "An ordinary citizen is qualified to advance an opinion in a court proceeding that a person was intoxicated because of consumption of alcohol. The symptoms of that condition have become such common knowledge that the testimony is admissible." State v. Smith, 58 N.J. 202, 213 (1971).

Moreover, police officers, who receive specific training to recognize signs of drunk driving and intoxication, are equally competent to proffer such an opinion. Indeed, it is well-established that an officer's subjective observation of a defendant is a sufficient ground to sustain a DWI conviction. See State v. Cryan, 363 N.J. Super. 442, 455-56 (App. Div. 2003) (sustaining DWI conviction based on observations of the defendant's bloodshot eyes, hostility, and strong odor of alcohol); State v. Oliveri, 336 N.J. Super. 244, 251-52 (App. Div. 2001) (sustaining DWI conviction based on officer's observations of watery eyes, slurred and slow speech, staggering, inability to

A-3334-15T2

perform field sobriety tests, and the defendant's admission to drinking alcohol earlier in the day).

Following our review, we conclude the State produced sufficient credible evidence to convict defendant of DWI beyond a reasonable doubt based upon the observational evidence of record. As noted in the Law Division's opinion, "defendant had the odor of an alcoholic beverage emitting from his breath. He failed to perform the field sobriety tests correctly. He admitted he had consumed alcoholic beverages. His eyes were red and watery. His speech was slightly slurred." Under the totality of the circumstances, the Law Division's fact-findings provide sufficient grounds for an objectively reasonable conclusion defendant operated a motor vehicle in violation of N.J.S.A. 39:4-50.

IV.

Finally, defendant contends he was entitled to a jury trial because he faced more than 180 days of incarceration. See State v. Linnehan, 197 N.J. Super. 41, 43 (App. Div. 1984), certif. denied, 99 N.J. 236 (1985). Specifically, he argues that because this was his third DWI offense, he faced a period of imprisonment no less than 180 days, and a period of imprisonment between ten and ninety days for the DWI enhanced driving while suspended offense, pursuant to N.J.S.A. 39:3-40(f)(2).

12                                                    A-3334-15T2

Defendant's argument lacks merit. Although this constituted his third DWI conviction, the Law Division previously issued defendant an order for post-conviction relief that prevented the consideration of defendant's 2011 DWI conviction for enhanced sentencing. See State v. Laurick, 120 N.J. 1, 16 (holding that "enhanced administrative penalties and fines may constitutionally be imposed but that in the case of repeat DWI convictions based on uncounseled prior convictions, the actual period of incarceration imposed may not exceed that for any counseled DWI convictions."), cert. denied, 486 U.S. 967, 111 S. Ct. 429, 112 L. Ed. 2d 413 (1990). Accordingly, because defendant had a Laurick order, he did not face sentencing as a third DWI offender, and thus was not subject to imprisonment exceeding 180 days.

To the extent we have not addressed any arguments defendant raised, we have deemed such arguments lacking in sufficient merit to warrant comment in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3334-15T2