**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5296-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEVIN HAIGH,

     Defendant-Appellant.

_____

Submitted April 19, 2021 – Decided May 11, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 11-2018.

Michael F. Caracta, attorney for appellant.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin Haigh appeals from a June 28, 2019 order of the Law Division finding him guilty of driving under the influence, N.J.S.A. 39:4-50, and reckless driving, N.J.S.A. 39:4-96, after conducting a de novo review of the record developed in the municipal court pursuant to Rule 3:23-8. Specifically, defendant challenges the denial of his motion to exclude drug influence evaluation (DIE) evidence proffered by the State's witness, a drug recognition expert/evaluator (DRE). We affirm for the cogent reasons expressed by Judge Michael A. Toto in his June 28, 2019 written memorandum of decision.

Because the focus of defendant's appeal is the denial of his motion to exclude DIE evidence proffered by the DRE, the facts leading to defendant's arrest are not pertinent. We recite only the facts relevant to our review of the limited issue on appeal and refer to the testimony before the municipal court judge.

After stopping defendant's car based on a report of erratic driving, Officer Peter Magnani of the South Plainfield Police Department reported defendant's speech was slow and very slurred, and his pupils were constricted. Officer Magnani noticed "fresh track marks and bruising" on defendant's arms, found a needle in defendant's pocket, and saw a plastic bag typically used for heroin in

defendant's car. Defendant explained he just returned from the hospital where he received intravenous fluids for a knee injury.

Suspecting defendant was under the influence of drugs, not alcohol, Officer Magnani conducted a thirteen-step DIE. Many of the tests performed were captured on a motor vehicle recording (MVR) in the officer's patrol car.[1]

Defendant successfully performed the verbal tests administered by Officer Magnani. However, defendant failed the physical tests. On the walk-and-turn test, defendant "was unable to keep his balance. He missed heel to toe on several steps, and he stepped off the line several times. . . . He turned incorrectly. . . . [W]hen the test was already over, [he pivoted] as if he was going to continue doing it again." On the one-leg-stand test, Magnani recalled defendant "put his foot down a couple of times. He counted extremely slow." In fact, Magnani described defendant's performance on the various tests as one of the worst the officer had ever seen.

Based on the poor test performance and the officer's observation of defendant's physical manifestations, including small pupils and a tired, droopy, sleepy appearance, Magnani believed defendant was under the influence of a

---

[1] Both the municipal court judge and Judge Toto reviewed the video from the MVR.

A-5296-18

narcotic analgesic. As a result, defendant was arrested for driving under the influence.

Officer Magnani was questioned regarding his qualifications and credentials prior to testifying in municipal court. At the time of trial, Magnani had eleven-years-experience as a police officer, handling about eighty drunk driving cases and between fifteen to twenty DRE cases.[2] He received over 120 hours of DRE training at the Ocean County Police Academy. Based on this training, in 2011, Magnani was certified as a DRE by the New Jersey State Police and continues to be recertified annually. Despite defense counsel's objection that the DRE testimony should be suppressed as lacking scientific validity, the municipal court judge qualified Magnani "as a DRE for the purpose of hearing the testimony about what he saw and how he [saw] it."

Based on Officer Magnani's testimony and the results of defendant's urinalysis,[3] the municipal court judge found defendant guilty of driving under the influence and reckless driving.

---

[2] In addition, Magnani was an emergency medical technician (EMT) for twelve years.

[3] Defendant's urine sample tested positive for alprazolam, codeine, heroin, morphine, 6-Monoacetyl Morphine, and oxycodone. Defendant did not dispute the sample's chain of custody or the test results.

A-5296-18

Defendant appealed his municipal court convictions to the Superior Court, Law Division. Judge Toto conducted a trial de novo on June 26, 2018. In a twelve-page written memorandum of decision, Judge Toto found there was ample evidence beyond Officer Magnani's DRE testimony to support defendant's convictions.

Specifically, Judge Toto found the evidence supporting the driving under the influence conviction

> include[d] . . . [d]efendant's stagger[], slow and slurred speech, constricted pupils, fresh track marks and bruising on the inside of his arms, failure in the walk-and-turn test, failure in the one-leg stand test, failure to touch his finger to his nose on six attempts, lethargic demeanor, and positive urine sample test for alprazolam, codeine, heroin, 06-Mono Acetyl Morphine, and oxycodone.

In addition, the judge noted the MVR video "demonstrate[d] the [d]efendant performing poorly during the field sobriety tests, one of which Officer Magnani described as one of the worst performances he had ever seen."

Judge Toto rejected defendant's argument that the municipal court judge erred in "not conducting a Frye[4] [h]earing to determine the scientific acceptability of the DRE evidence." The judge held Officer Magnani "was

---

[4] Frye v. United States, 293 F.3d 1013 (D.C. Cir. 1923).

properly qualified as an expert" during the municipal court proceeding and the municipal judge "went though great pains to establish Officer Magnani's training and experience."

On appeal, defendant raises the following argument:

> DIE/DRE EVIDENCE SHOULD NOT HAVE BEEN ADMITTED BECAUSE THE COURT F[A]ILED TO CONDUCT A FRYE HEARING AND SUCH EVIDENCE HAS NOT BEEN DETERMINED TO BE RELIABLE AND 'GENERALLY ACCEPTED' AS REQUIRED UNDER FRYE.

When a defendant appeals a municipal court conviction, the Law Division judge reviews the matter de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

Our review of a de novo conviction in the Law Division following a municipal court appeal is "exceedingly narrow." State v. Locurto, 157 N.J. 463, 470 (1999). Unlike the Law Division, we do not independently assess the evidence. Id. at 471-72. The "standard of review of a de novo verdict after a municipal court trial is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence presented in the record,' considering the proofs as a whole." State v. Elbert, 377 N.J. Super. 1,

6

8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)). However, our review of a trial court's legal determination is plenary. See State v. Kuropchak, 221 N.J. 368, 383 (2015).

Defendant argues the admission of Officer Magnani's testimony was improper because DIE evidence is not established as generally accepted or scientifically reliable in accordance with Frye regardless of Officer Magnani's DRE qualifications. Defendant argues the State failed to "establish an adequate foundation that the DRE technique, or DIE, [wa]s acceptable in the scientific community or a valid indicator" to support a conviction for driving under the influence of drugs and Officer Magnani's testimony should have been suppressed.

However, defendant overlooks Judge Toto's finding of ample evidence to support the driving under the influence conviction beyond a reasonable doubt without DIE evidence and Officer Magnani's DRE testimony. In fact, neither the municipal court judge nor Judge Toto relied solely on DIE evidence and DRE testimony to convict defendant.

Here, the evidence supported the finding defendant drove while under the influence absent DRE testimony and DIE evidence. Defendant was stopped by the police based on a report of erratic driving from a concerned citizen and their

own observation of defendant's commission of a traffic violation. After stopping the car, Officer Magnani asked defendant to step outside. The officer noticed fresh track marks on defendant's arms, found a syringe in defendant's pocket, and observed a half empty bag of a heroin wrapper in defendant's car. Defendant then failed several field sobriety tests conducted by Officer Magnani. Defendant's poor performance during those tests was captured by the MVR video. In addition, the results of defendant's urinalysis confirmed the presence of six different drugs, including heroin, in his system. Thus, even if Officer Magnani's testimony should not have been admitted, the error was harmless error because there was ample evidence to support the guilty finding beyond a reasonable doubt. See Rule 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . .").

Even if there had not been overwhelming evidence in support of the conviction for driving under the influence, a Frye hearing was unnecessary because Officer Magnani testified on the basis of his training and experience as a police officer and an EMT. The officer's testimony was not contingent on novel scientific principles and his testimony was limited to "what he saw, and how those factors relate to what he kn[ew] from experience." Based on the

mandatory training police officers receive "in detecting drug-induced toxication[,]" the judge properly allowed Magnani to testify based on his experience. See State v. Bealor, 187 N.J. 574, 577 (2006) (allowing "competent lay observations of the fact of intoxication, coupled with additional independent proofs tending to demonstrate defendant's consumption of narcotic[s] . . . or habit-producing drugs as of the time of defendant's arrest, constitute proofs sufficient to allow the fact-finder to conclude, without more, that the defendant was intoxicated beyond a reasonable doubt"); see also State v. Jackson, 124 N.J. Super. 1, 4 (App. Div. 1973) (indicating a non-expert witness who has had "specific schooling and training in the field of narcotics . . . if sufficiently experienced and trained[,] may testify generally as to the observable reaction of drug users and of the techniques of the use").

We recognize the New Jersey Supreme Court granted a petition for certification to determine whether the testimony of an officer who is a certified DRE is admissible at trial and, if so, under what circumstances. See State v. Olenowski, 236 N.J. 622 (2019).[5] However, the facts in State v. Olenowski, No.

---

[5] In a November 18, 2019 order, the Court summarily remanded the matter "to a Special Master for a plenary hearing to consider and decide whether DRE evidence has achieved general acceptance within the relevant scientific community and therefore satisfies the reliability standard of N.J.R.E. 702."

A-4666-16 (App. Div. Nov. 27, 2018) are readily distinguishable from the facts in defendant's case. Here, unlike the defendant in <u>Olenowski</u>, there was a toxicology report evidencing multiple drugs in defendant's system based on his urine sample. Significantly, defendant did not challenge the urinalysis results.

We are satisfied there was ample evidence in the record to establish defendant's guilt beyond a reasonable doubt absent a <u>Frye</u> hearing regarding admissibility of the DIE evidence and DRE testimony. Thus, the denial of defendant's motion to suppress the testimony proffered by Officer Magnani was proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

After the hearing is completed, the Special Master will render a written report. The Court retained jurisdiction and instructed the parties and amici to file and serve briefs and appendices after receipt of the Special Master's report.

A-5296-18